### No. 2.

#### HOOKER *against* DANIELS & SLASSON. *Rutland*, 1820.

Where a debtor was confined, in the limits on bonds, and the creditor executed and delivered to him a writing, by which he agrees to certain conditions; "If the debtor chooses to leave the limits," such an agreement may be revoked before the debtor leaves the limits, or any act is done injurious to him or his bail.

The effect of such revocation, or of fraud in obtaining the licence or agreement, is the same both as to the debtor and his bail, in case the situation of the bail has been in no way changed by reason of the existence of such licence or agreement.

THIS was an action on gaol bond, against Daniels, as principal, and Slosson, as surety. Plea in bar, that Daniels, the prisoner, escaped by license of the plaintiff. Traverse, on the trial, at September Term, 1819, the defendant, to maintain and prove their plea aforesaid, gave the following writing in evidence to the jury: "If M'Daniels chooses to go home, I will "engage, that I will not call on him until I can ascertain wheth- "er there can be any thing collected of his son John, and if I "can secure the payment of the demand of John, in one year, I "will not call on the old gentleman at all, but will give him a full "discharge ; at any rate, I will try until the first of November "next, to make the business secure of John, before I call on the "old man again, and if I cannot secure the debt of John, I may "after the first day of November next, call on the old man again.

"Rutland, 6th July, 1817.     REUBEN R. THRALL."

Thrall was the owner of the demand. To obviate the effects of said writing the plaintiff offered evidence, to prove that after the execution and delivery of said writing by plaintiff to said Daniels, and before his departure from prison, the plaintiff countermanded said writing, which evidence was objected to by the defendants, and rejected by the judge as irrelevant to the issue. The plaintiff offered evidence to prove that the writing aforesaid

was obtained by fraud, which evidence was admitted. The judge instructed the jury that the plaintiff could not avail himself of the fraud, to do away the effect of the writing, unless he carried the knowledge of the fraud home to Slasson, the bail, so as to make him a party to it. Verdict for plaintiff, and motion for new trial, founded on exceptions to the opinions and charge of the judge.

In support of the motion, Williams and Smith, for plaintiff.

This bill of exceptions, presents two questions.

1st. Is a licence given without consideration revocable before any act has been done in pursuance of such licence, which injures or prejudices the defendants.

2d. Is a licence or consent obtained by fraud or imposition of one of the defendants, of any avail to him or his co-obligor.

1st. The consent in this case was a mere naked, voluntary licence, unsupported by any good or valuable consideration for the *forbearance* therein promised, the ultimate security of the debt was lost by the departure with that licence ; A licence without a consideration, is revocable at any time before a departure from the limits. It is believed no instance can be found where a mere naked voluntary licence may not be withdrawn previous to the doing of the act licenced. The cases under this head are familiar. Oyniors case, 8 Coke's Rep. 162.

Viewing this writing, on the ground on which plaintiff gave it *a proposition* to Daniels (and this is the most favorable ground for defendants) it is revocable or may be withdrawn : A proposition may be withdrawn at any time before it is accepted, at any time before the act which manifests the acceptance, as in this case by the act of departure from the prison limits.— Powel on Contracts, 1 vol. 334.

Both must be bound or neither, Daniels could not be bound until he left the limits, neither was plantiff bound until then, and might revoke or withdraw his proposition.

2d. What is the nature of defendants undertaking or bond ? Daniels contracts that he will remain within the liberties, and will not depart until lawfully discharged, &c. Slasson is security that Daniels shall fulfil this engagement ; the defendants as

E

to this contract, cannot be severed, both must be bound or neither. This writing, if not revoked, cannot discharge the bond if obtained by fraud and imposition. A discharge obtained by fraud is no discharge, it is *void*. Roberts on fraud &c. 520 et seq. Daniels has therefore broken the condition of the bond, for the performance of which condition Slasson was surety; if A as principal, and B as surety, execute a note or bond to C will a discharge obtained by A from C, by fraud, discharge A and B if B is not a party to that fraud? it is clear that it will not, this case is not distinguishable in principle from the present. This case is believed to be fully decided by the case in Bacon vol 2, 521 et seq.

*Contra*,—Langdon and Page.

1. That the writing set forth, is an agreement which took effect from the delivery and could not be dissolved, but by mutual consent of the parties, the delivery of the writing vested a right in the principal and bail which could not be revoked, 9 Mass. Rep. 310, 3 Coke, Lit. 36, Note 223.

2. Fraud vitiates every act *between the parties to the fraud*, but no farther; fraud, in obtaining the writing by Daniels of the plaintiff, without the privity of the bail, does not affect the bail. If Daniels had fraudulently obtained a discharge from prison, by taking the poor debtor's oath, it would still be a discharge of the bail. 2 Tyler, 409, 2 Cranch, 300. Jones, Smith & Co. *v.* Querton, in this Court, January term, 1818.

3. If the writing should be considered a licence, and revocable, the revocation ought to have been pleaded, and is not pertinent evidence under this issue. Saund. 300, 1 Chit. 567.

4. That the consent of the plaintiff, to the departure of Daniels from the liberties of the prison, and a consequent departure, is at all events, a discharge of the bail.

In reply :—That there could be no replication to the licence, as it was not pleaded, the plea was merely that debtor escaped *with consent of the plaintiff*; the *writing* was merely given in *evidence*, and could be met *only*, by *evidence* to prove that the writing was not in force, at the time of departure from the limits. Opinion of the Court.

That the writing given in evidence, by the defendants was revocable, before a departure from the prison liberties, or any consequent act done injurious to the defendants, and that evidence of the revocation ought to have been admitted.

2. That the charge of the Judge was *incorrect* in directing the Jury "that the plaintiff could not avail himself of the fraud, unless he carried the knowledge of the fraud home to Slosson, the bail," so as to make him a party to it. Whatever might be the effect of the licence or consent in writing, good upon the face of it, in case the bail had been imposed upon by such *apparently* good and valid licence, and had been induced *thereby*, to consent to the departure of the principal from the limits, or had relinquished security, or in any other way, changed his situation; still in this case, where it does not appear, that the situation of the bail was in the least changed, after the writing was given, or that he knew of its existence, the effect of the revocation, and the fraud in Daniels alone, in obtaining the licence, must be the same as to both defendants.

3. *Evidence* of the revocation was proper under those pleadings; as this particular licence was not pleaded, but only given in *evidence*, it could be met by *evidence* only.

*Judgment*, that verdict be set aside, and new trial granted.